# EXHIBIT 2

FILED
TARRANT COUNTY
4/22/2021 5:06 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 236-324851-21

| | | |
|---|---|---|
| **VICKI ALLEN,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| v. | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| **BIG LOTS STORES, INC.,** | § | |
| *Defendant.* | § | **TARRANT COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Vicki Allen ("Plaintiff") and for her cause of action against Defendant, Big Lots Stores, Inc., ("Defendant") alleges and states as follows:

### I.
### DISCOVERY CONTROL PLAN

1.1   Plaintiff intends to pursue this case as a Level III case and will request the appropriate scheduling order once Defendant have answered.

### II.
### PARTIES AND SERVICE

2.1   Plaintiff, Vicki Allen, is an individual residing in Tarrant County, Texas. The last three digits of Plaintiff's Social Security Number are XXX-XX-X823; and the last three digits of her Texas Driver's License Number are 717. Tex. Civ. Prac. & Rem. Code §30.014(a).

2.2   Defendant, Big Lots Stores, Inc., is a foreign for-profit corporation located at 4900 East Dublin Granville Road, Columbus, Ohio 43081, and may be served through its registered agent: Corporation Service Company D/B/A CSC-LAWYERS INCO, 211 East 7th Street, Suite 620, Austin, Texas 78701.  Plaintiff requests citation be issued at this time.

A CERTIFIED COPY
ATTEST: 6/2/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: IRMA JIMAREZ

## III.
## JURISDICTION AND VENUE

3.1   Jurisdiction is proper in this Court because the amount in controversy exceeds the minimal jurisdictional limits of this Court.

3.2   Venue is proper in Tarrant County, Texas under Texas Civil Practices and Remedies Code § 15.002(a)(1) because all or a substantial part of the events at issue occurred in Tarrant County, Texas.

## IV.
## RULE 47 DAMAGES ALLEGATIONS

4.1   Plaintiff refers to all preceding and subsequent pleadings in this Petition and incorporates them herein by reference of all purposes.

4.2   Pursuant to the provisions of Rule 47 of the Texas Rules of Civil Procedure, Plaintiff alleges that the damages sought are within the jurisdictional limits of the Court, and she seeks monetary relief of less than $250,000.00, excluding interest, statutory and punitive damages and penalties, and attorney fees and costs, and Plaintiff further demands judgment for all other relief to which she shows herself entitled.

## V.
## FACTUAL BACKGROUND

5.1   Plaintiff adopts and incorporates all the allegations contained in the previous paragraphs as fully as though set forth herein.

5.2   On or about April 26, 2019, Plaintiff was an invitee shopping at the Big Lots store (store #1192) located at 2110 South Cooper Street, Arlington, Texas 76013.

5.3   Plaintiff was browsing through merchandise when the top shelf of the shelving unit behind her collapsed and a three-drawer end table fell on her head.

5.4   Plaintiff was injured as a result of this incident.

A CERTIFIED COPY
ATTEST: 6/2/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: IRMA JIMAREZ

## VI.
## NEGLIGENCE OF DEFENDANT

6.1    Plaintiff adopts and incorporates all the allegations contained in the previous paragraphs as fully as though set forth herein.

6.2    At the time of the shelf unit collapse, Defendant owed Plaintiff and the general public a duty to:

   a. prevent injury to others if it reasonably appears or should appear that in the exercise of their lawful rights others may be injured by a dangerous condition that was created by Defendant;

   b. exercise reasonable care to avoid a foreseeable risk of injury to others;

   c. take affirmative action to control or avoid increasing the danger from a condition that has been at least partially created by Defendant's conduct;

   d. use ordinary care protecting others from peril when the peril is under Defendant's control;

   e. use ordinary care in maintaining the premises in a safe condition by inspecting the property for any dangerous conditions and by making safe any latent defect or giving warning of any defect;

   f. ensure Defendant's shelving units are secure, so as to prevent injury to customers;

   g. properly load shelving units with product of a safe weight for the integrity and positioning of each shelf;

   h. maintain safe premises for shoppers throughout the store; and

   i. repair any defects properly.

6.3    Defendants breached these duties in one or more of the following ways:

   a. failing to take proper action to control the dangers created by Defendant's conduct;

   b. failing to protect Plaintiff from a peril created by and under the control of Defendant;

   c. failing to maintain the subject property in a safe condition;

   d. failing to inspect the property for any dangerous conditions;

A CERTIFIED COPY
ATTEST: 6/2/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: IRMA JIMAREZ

e. failing to make safe any latent defects on the property;

f. failing to give Plaintiff any warning of any defects on the property;

g. failing to provide effective safeguards where tenants and their guests may be injured as a result of Defendant's operations or repairs;

h. failing to set forth appropriate safety guidelines and procedures to avoid foreseeable injuries, such as those made the basis of this suit;

i. failing to properly repair defects on the property of which Defendant knew or should have known;

j. failing to properly supervise Defendant's employees;

k. failing to properly inspect and repair its shelving units;

l. failing to properly load shelves with product of a safe weight for the integrity and positioning of each shelf;

m. failing to properly inspect the work of contractors for thoroughness of repairs; and

n. failing to properly train Defendant's employees.

6.4    Defendant and its employees' wrongful acts, errors, omissions, neglect, and carelessness as set forth in the preceding paragraphs, were the proximate cause of Plaintiff's injuries and damages. Defendant is vicariously liable for the negligent acts of its employees, agents, and servants under the legal theory of *respondeat superior.*

## VII.
## PREMISES LIABILITY

7.1    Plaintiff adopts and incorporates all the allegations contained in the previous paragraphs as fully as though set forth herein.

7.2    Plaintiff was an "invitee" as that term is defined under Texas law. Defendants were in possession and control of the premises.

7.3    A condition on the subject premises posed an unreasonable risk of harm, the danger of which Defendant knew or should have reasonably known. Defendant breached its duty of

Plaintiff's Original Petition                                                                 Page 4 of 7

A CERTIFIED COPY
ATTEST: 6/2/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: IRMA JIMAREZ

ordinary care by both (1) failing to adequately warn Plaintiff of the condition and (2) failing to make the condition reasonably safe.

7.4    Defendant and its employees' failure to remedy a condition on the premises about which Defendant knew or should have known as set forth in the preceding paragraphs, was the proximate cause of Plaintiff's injuries and damages. Defendant is vicariously liable for the acts and omissions of its employees, agents, and servants under the legal theory of *respondeat superior*.

## VIII.
## GROSS NEGLIGENCE OF DEFENDANT

8.1    Plaintiff adopts and incorporates all the allegations contained in the previous paragraphs as fully as though set forth herein.

8.2    Defendant's failure to take any action whatsoever to protect Plaintiff from or warn Plaintiff and others of the unreasonably dangerous condition created by Defendant's acts and omissions constitutes gross negligence as that term is defined under Texas law.

8.3    Defendant's acts and omissions, when viewed objectively from Defendant's standpoint, involved an extreme degree of risk, considering the weight of the end table and the instability of the shelf unit. Defendant failed to safely display their merchandise. Defendant's gross negligence was the proximate cause of Plaintiff's injuries and damages.

## IX.
## DAMAGES

9.1    Plaintiff adopts and incorporates all the allegations contained in the previous paragraphs as fully as though set forth herein.

9.2    As a direct and proximate result of Defendant's negligent acts complained of herein, Plaintiff received debilitating injuries causing physical pain, suffering, and anguish.

A CERTIFIED COPY
ATTEST: 6/2/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: IRMA JIMAREZ

9.3     Plaintiff continues to suffer physically and mentally as a direct and proximate result of Defendant's negligence. Plaintiff has suffered severe physical pain and mental anguish in the past, is suffering in the present, and in all reasonable probability will continue to suffer for the rest of her life.

9.4     Plaintiff has necessarily incurred reasonable medical expenses in the past for the diagnosis, care, and treatment of her injuries. The injuries are such that in all reasonable probability, she will necessarily continue to incur reasonable medical expenses in the future for the proper care and treatment of her injuries.

9.5     Plaintiff has sustained physical pain and suffering, mental anguish, physical impairment, and loss of enjoyment and quality of life in the past, and will in reasonable probability sustain physical pain and suffering, mental anguish, physical impairment, and loss of enjoyment and quality of life in the future.

9.6     Plaintiff would further show that her damages include, but are not limited to, past, present, and future medical expenses, pain and suffering, physical disability and impairment, loss of enjoyment of life, lost wages, and mental anguish.

9.7     Plaintiff further sues for pre-judgment interest for the time-period and amount allowed by law from the date of the injury event until the day of judgment.

9.8     Plaintiff also sues for exemplary and punitive damages based on Defendant's grossly negligent conduct.

## X.
## JURY TRIAL

10.1    Plaintiff respectfully requests a jury trial and has tendered the required jury fee.

Plaintiff's Original Petition

A CERTIFIED COPY
ATTEST: 6/2/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: IRMA JIMAREZ

Page 6 of 7

## **PRAYER**

Wherefore, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final hearing hereof, Plaintiff, Vicki Allen, receive judgment from the Defendant for damages sought herein; cost of court; prejudgment interest at the highest rate allowed by law; interest on judgment at the highest legal rate from the date of judgment until collected, and any such other and further relief, in law and in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

MACHI & ASSOCIATES, P.C.
1521 North Cooper Street, Suite 550
Arlington, Texas 76011
Tel. (817) 335-8880
Fax. (817) 275-6660
rwangler@tedmachi.com

By:
  /s/ *Ryan Wangler*
  **Ryan Wangler**
  State Bar No. 24118215
  **ATTORNEY FOR PLAINTIFF**

A CERTIFIED COPY
ATTEST: 6/2/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: IRMA JIMAREZ

236-324851-21

FILED
TARRANT COUNTY
5/12/2021 12:55 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 236-324851-21

| | | |
|---|---|---|
| VICKI ALLEN, | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § § § | |
| V. | § | 236TH JUDICIAL DISTRICT |
| BIG LOTS STORES, INC., | § § § | |
| *Defendant.* | § | TARRANT COUNTY, TEXAS |

## DEFENDANT BIG LOTS STORES, INC. ORIGINAL ANSWER

COMES NOW, BIG LOTS STORES, INC., one of the Defendants herein, and files its Original Answer as follows:

### I.
### GENERAL DENIAL

Defendant denies each and every, all and singular, material allegations contained within Plaintiffs' pleadings and any amendments or supplements thereto and demands strict proof thereof in accordance with the Texas Rules of Civil Procedure.

### II.
### JURY DEMAND

In accordance with Rule 21 6 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant demands a trial by jury.

### III.
### 193.7 NOTICE

Pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant hereby gives actual notes to Plaintiff that any and all documents produced by Plaintiff may be used against Plaintiff at any pretrial proceeding or at the trial of this matter without the necessity of authenticating the documents.

A CERTIFIED COPY
ATTEST: 6/2/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: IRMA JIMAREZ

**WHEREFORE, PREMISES CONSIDERED**, BIG LOTS STORES, INC. prays that Plaintiff take nothing by this suit, that Plaintiff be required to pay Defendant's costs, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**MAYER LLP**
750 N. St. Paul Street, Suite 700
Dallas, Texas 75201
214.379.6900 / Fax 214.379.6939

By:    */s/ Zach T. Mayer*
      Zach T. Mayer
      State Bar No. 24013118
      zmayer@mayerllp.com
      Sara Krumholz
      State Bar No. 24060579
      skrumholz@mayerllp.com

**ATTORNEYS FOR DEFENDANT
BIG LOTS STORES, INC.**


A CERTIFIED COPY
ATTEST: 6/2/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: IRMA JIMAREZ

## CERTIFICATE OF SERVICE

      This is to certify that on the 12th day of May 2021, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

**<u>Via E-File</u>**
Ryan Wangler
State Bar No. 24118215
Machi & Associates, P.C.
1521 North Cooper Street, Suite 550
Arlington, Texas 76011
(817) 335-8880
rwangler@tedmachi.com

*Attorney for Plaintiffs*

                                                    */s/ Zach T. Mayer*
                                                     Zach T. Mayer



A CERTIFIED COPY
ATTEST: 6/2/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: IRMA JIMAREZ